UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v.                                          ) | Case No. 22-CR-0108-CVE-1 |
| ) | |
| **JESUS ORTIZ,** ) | |
| ) | |
| **Defendant.** ) | |

**OPINION AND ORDER**

Before the Court is plaintiff's bail determination appeal and motion to revoke release order (Dkt. # 6). Plaintiff moves, pursuant to 18 U.S.C. § 3145, to "revoke the . . . magistrate judge's order releasing Ortiz pending trial because the nature and circumstances of the offense, the weight of the evidence against Ortiz, and Ortiz's history and characteristics show that no condition or combination of conditions could reasonably assure Ortiz's future appearance or the safety of the community." Dkt. # 6, at 1, 5. On April 18, 2022, a grand jury returned a two-count indictment charging defendant with drug conspiracy (count 1) and possession of methamphetamine with intent to distribute (count 2). Dkt. # 18. Defendant Jesus Ortiz was initially ordered released on conditions by Magistrate Judge Kenly Kiya Kato of the United States District Court for the Central District of California. Dkt. # 5, at 11-15. The magistrate judge stayed the order pending defendant posting a surety bond. On April 7, 2022, plaintiff filed the instant motion in this Court, which has original jurisdiction, requesting that the Court revoke the magistrate judge's release order. Dkt. # 6. On April 13, 2022, Chief Judge John F. Heil, III of the Northern District of Oklahoma stayed the magistrate judge's release order pending resolution of plaintiff's motion. Dkt. # 8.

I.      **Relevant Factual Background**

This matter was initiated by a two-count complaint charging defendant with drug conspiracy (count 1) and possession with intent to distribute 500 grams or more of methamphetamine (count 2). Dkt. # 1, at 1. "The criminal complaint is the product of a narcotics investigation of a California-based drug trafficking organization ("DTO") involving the importation of methamphetamine from Mexico into California and subsequent distribution throughout the United States." Dkt. # 6, at 2-3. According to the complaint, following an investigation into defendant's suspected methamphetamine trafficking, defendant Jesus Ortiz and co-defendant Darnel Wright were stopped and arrested by Oklahoma State Troopers on December 15, 2021. Id. at 4-8. After his arrest, defendant told law enforcement officers that he intended to sell the six pounds of methamphetamine found in Wright's car to an individual in Tulsa, Oklahoma; he had previously sold this individual two pounds of methamphetamine; his methamphetamine supplier, co-defendant Ishmael Erick Delgado, also known as "Akie," is in Los Angeles, California; Akie and another individual instruct defendant to pick up drugs at a tire shop in Wichita, Kansas, where he has seen up to 20 kilos of methamphetamine stored at a time; he made three trips to Los Angeles, picking up 10 pounds of methamphetamine each time; and he sells drugs wherever Akie and the other individual tell him to, including Kansas, Oklahoma, and Ohio. Id. at 8-9.

On March 24, 2022, Magistrate Judge Jodi F. Jayne of the Northern District of Oklahoma issued an arrest warrant for defendant. Dkt. # 2. On March 28, 2022, defendant was arrested by agents in Los Angeles, and appeared before a magistrate judge in the Central District of California. Dkt. # 6, at 1-2. Upon plaintiff's motion for detention, the magistrate judge held a detention hearing.

Id. at 1-2. The detention hearing was audio recorded and the Court has reviewed the recording and considered the oral arguments raised by counsel therein. Dkt. # 36.

At the hearing, plaintiff proffered the contents of the complaint, defendant's pretrial services report, and noted the 18 U.S.C. § 3142 rebuttable presumption that arises from the nature of defendant's charged offenses, that is, offenses with a maximum term of imprisonment of ten years or more pursuant to the Controlled Substances Act (21 U.S.C. § 800 et seq.). Defense counsel requested that defendant be released on bond, and proffered that defendant was born and raised in Los Angeles and has close ties in California, including his parents and five of his siblings; he lives with his parents and sister in a house owned by his sister; he has experience in construction work and believes he can find gainful employment in that industry; and his sister has agreed to post her house-- in which she, her children, defendant, and their parents reside--for a surety bond. Plaintiff responded that it strongly objects to defendant's release because he has a long criminal history of probation and parole violations; he is not gainfully employed; he trafficked a very large amount of narcotics; he is facing a very large sentence; plaintiff has no confidence that he will appear in the Northern District of Oklahoma; and defendant poses a very serious danger to the community based on the amount of methamphetamine found in defendant's possession.

After hearing argument, the magistrate judge determined that, because of the surety bond to be secured by the defendant's sister's home, there exists a set of conditions that can reasonably secure any danger to the community and risk of flight posed by defendant. Notably, the magistrate judge did not make any specific findings on the record as to the § 3142(g) factors guiding her determination. Consequently, the magistrate judge ordered defendant released on $50,000 bond;

however, the release order was stayed pending resolution of plaintiff's motion to revoke the order and defendant remains in custody.

In its motion to revoke release order, plaintiff argues that the magistrate judge's release order "fails to account for [defendant's] lack of ties to the Northern District of Oklahoma, the inherent danger of his alleged conduct, [defendant's] criminal ties to a foreign country, and his extensive criminal history." Dkt. # 6, at 5. Plaintiff further argues that "[t]here is a presumption in this case that no condition or combination of conditions can be set to assure the appearance of Ortiz"; and "Ortiz poses a danger to the community and there is a serious drug trafficking charge with a mandatory minimum ten-year sentence, has criminal contacts associated with Mexico, and has a criminal history that demonstrates his unwillingness to follow the law or court instructions." Id.

## II.     Legal Standard and Findings

Under § 3145(a)(1), "[i]f a person is ordered released by a magistrate judge . . . the attorney for the government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release[.]" 18 U.S.C. § 3145(a)(1). The Tenth Circuit requires the Court to conduct de novo review of a magistrate judge's release order. United States v. Cisneros, 328 F.3d 610, 616 n.1 (10th Cir. 2003). Pursuant to § 3142, "a defendant may be detained pending trial only if a judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." Id. at 616 (internal quotations omitted). "A judicial officer may make such a finding only after holding a hearing . . . and the government bears the burden of proof at the hearing"; that is, "the government must prove risk of flight by a preponderance of the evidence, . .

. and it must prove dangerousness to any other person or to the community by clear and convincing evidence." Id.

Under 18 U.S.C. § 3142(f), the Court must consider whether there are conditions or a combination of conditions that will assure the appearance of the defendant and protect the safety of any other person or the community. The Court must take into account the following factors when making this determination:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristic of the person, including--
>
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense, or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g). Further, the statute contains a rebuttable presumption that arises in a case, such as here, where "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act[.]" 18 U.S.C. § 3142(e)(3)(A). According to the Tenth Circuit,

> Upon a finding of probable cause that the defendant has committed a federal drug offense carrying a maximum prison term of ten years or more, a rebuttable presumption arises that

> no conditions of release will assure defendant's appearance and the safety of the community. Once the presumption is invoked, the burden of production shifts to the defendant. However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government. The defendant's burden of production is not heavy, but some evidence must be produced. Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain.

United States v. Stricklin, 932 F.2d 1353, 1354-55 (10th Cir. 1991). Thus, while defendant must produce something as to flight risk and danger to the community, plaintiff bears the burden of proof at all times.

The Court has reviewed de novo the complaint, the indictment, the pretrial services report, plaintiff's motion (Dkt. # 6), the audio recording of the March 28, 2022 detention hearing and the evidence and arguments proffered by counsel therein. Defendant has not responded to plaintiff's April 7, 2022 motion to revoke release order, or presented new evidence since the March 28, 2022 detention hearing, and the Court notes that defendant appeared and was appointed counsel in Oklahoma on April 29, 2022. Dkt. # 30. Accordingly, the Court has a sufficient record to make its findings without an additional evidentiary hearing. Based on a review of the record, the Court finds that there is probable cause to believe that defendant, Jesus Ortiz, committed a drug offense with a maximum penalty of ten years or more; thus, the statutory presumption applies. Next, the Court must determine whether plaintiff has met its burden of proof as to flight risk and danger to the community, and whether defendant has met his burden of production. To make such a determination, the Court must take into account the § 3142(g) factors.

    1.      The Nature and Circumstances of the Offense Charged

Here, defendant is charged with drug conspiracy (count 1) and possession of 500 grams or more of methamphetamine (count 2), both of which carry a sentence of not less than ten years and

up to life. See 21 U.S.C. § 846 and § 841(b)(1)(A)(viii). Such offenses are of the kind contemplated in the § 3142 statutory presumption that no condition or combination of conditions could reasonably assure defendant's appearance and safety to any other person and the community. 18 U.S.C. § 3142(e)(3)(A). Therefore, the nature and circumstances of defendant's charged drug offenses weigh in favor of detention.

    2.    The Weight of the Evidence

The weight of the evidence against defendant is substantial. According to the affidavit in support of an arrest warrant (Dkt. # 1, at 2-10), defendant was arrested along with co-defendant Wright. Law enforcement officers recovered approximately three kilos of a substance that field-tested positive for methamphetamine from Wright's car. Dkt. # 1, at 6. Wright told police that he was driving loads of drugs for Ortiz to repay a drug debt. Id. Ortiz told law enforcement officers that he intended to sell the three kilos of methamphetamine that the officers recovered from Wright's car; he had previously sold at least two pounds of methamphetamine in Tulsa, Oklahoma; he was working with co-conspirators in Los Angeles, California, including co-defendant Akie; he picks up bulk quantities of methamphetamine from Akie in California and transports and sells these bulk quantities in other states, including Kansas, Oklahoma, and Ohio. Id. at 8-9. Defendant did not contest this evidence at the detention hearing, and did not produce evidence to rebut this compelling proof. Thus, the weight of the evidence weighs heavily in favor of detention.

    3.    The History and Characteristics of Defendant

According to defendant's pretrial service report (PSR), defendant was born in Los Angeles California. Dkt. # 6, at 8. Defendant moved from California to Kansas in 2001, but he moved back to California approximately 6 months ago. Id. Prior to his arrest, defendant was unemployed with

no income, and residing with his parents, sister, sister's boyfriend and her two children at a residence owned by his sister in Riverside, California. Id. Defendant has three sisters and three brothers, all of whom live in California, except for one sister who lives in Kansas. Id. Defendant speaks to his siblings a few times per month. Id. He has some extended family in Mexico, whom he visited on two occasions, most recently a year and a half ago. Id. Defendant has not had contact with his extended family in Mexico since his last visit. Id. Defendant does not have and has never applied for a passport. Id. Further, defendant has never been married, but has two children who reside in Kansas with their mother, and he speaks to his children on a daily basis. Id. However, defendant owes $15,000-$20,000 in back child support. Id. at 9.

Although defendant has no assets or income of his own, his sister is willing to secure his bail bond with her property--the residence where she lives with her family--which is worth approximately $500,000. Id. Defendant uses marijuana socially, and has previously completed "a 6-month drug and alcohol treatment program while serving [a] state custodial sentence." Id. Defendant is generally in good health, but has a "minor heart issue which require[s] daily medication." Id. Defendant's criminal history includes several criminal convictions in Kansas between 2009 and 2012, including a distribution of controlled substances offense; a probation violation in 2012; a parole violation in 2019; and a parole violation in 2021. Id. at 10-12.

Defendant's history and characteristics weigh in favor of detention. Specifically, defendant has no ties to Oklahoma, where he must appear in Court; has a history of probation and parole violations; is currently unemployed with no assets or source of income; and he does have some connections to Mexico, because of family he has visited there as well as the DTO's connection to Mexico for its source of methamphetamine supply. The Court acknowledges defendant's close

family ties in California, and his sister's willingness to secure his bond with her home; however, these factors do not outweigh defendant's substantial criminal history and, most concerning, his history of probation and parole violations, which suggests an unwillingness or inability to abide by a court's conditions and instructions.

    4.   The Nature and Seriousness of the Danger to any Person or the Community by Defendant's Release

The Tenth Circuit has noted that Congress's concern about safety in the context of § 3142 "is to be given a broader construction than the mere danger of physical violence. Safety of the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community"; specifically, "the risk that a defendant will continue to engage in drug trafficking constitutes a danger to the safety of any other person or the community." United States v. Cook, 880 F.2d 1158, 1161 (10th Cir. 1989) (internal quotations omitted). Defendant admitted to transporting bulk quantities of methamphetamine from California to other states, including Oklahoma. Moreover, defendant indicated that his supplier is Akie, but that he takes direction to pick up and transport bulk quantities of methamphetamine from Akie and another individual, who, presumably, has not yet been identified and arrested. Moreover, defendant is unemployed, has no source of income, and owes $15,000-$20,000 in back child pay. Defendant has not produced evidence to rebut the presumption that he poses a danger to the community due to the risk of him continuing to engage in drug trafficking. Thus, this factor weighs in favor of detention.

    In conclusion, plaintiff had the burden of 1) proving "by a preponderance of the evidence that [defendant] posed a serious risk of flight such that no conditions of release would reasonably assure [defendant's] presence at trial"; and 2) proving "by clear and convincing evidence that no conditions

of release could reasonably assure the safety of the community." Cisneros, 328 F.3d at 613.  As to flight risk, 1) defendant faces a significant minimum sentence; 2) the weight of the evidence is substantial; and 3) the history and characteristics of defendant suggest that defendant has a history of probation and parole violations as well as potential links to a foreign country.  Therefore, based on the totality of the circumstances, the Court finds that plaintiff met its burden to prove by a preponderance of the evidence that defendant poses a serious risk of flight.  Further, as to defendant's danger to the community, as mentioned above, defendant has admitted to previously transporting bulk quantities of methamphetamine, there is potentially another co-conspirator who is not yet known to law enforcement, defendant is unemployed with no source of income, and he has a history of not abiding by conditions of probation and parole.  Defendant has not produced any evidence that offsets the danger to the community due to the risk of defendant continuing to engage in drug trafficking.  Therefore, the Court finds that plaintiff has met its burden to show by clear and convincing evidence that no conditions of release could reasonably assure the safety of the community.

**IT IS THEREFORE ORDERED** that plaintiff's bail determination appeal and motion to revoke release order (Dkt. # 6) is **granted**.  The magistrate judge's release order in Central District of California Case No. 22-MJ-00191-DUTY is **revoked**.  Defendant shall remain in custody in this district pending trial pursuant to this order.

**DATED** this 10th day of May, 2022.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE